## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------)
KATHLEEN CALLISTE,                    )      Civil Index No. _____
                                      )
                    Plaintiff,         )
                                      )
      -against-                      )      **COMPLAINT**
                                      )
ALLSTATE INSURANCE COMPANY,           )
                                      )
                    Defendant.         )      **JURY TRIAL DEMANDED**
---------------------------------------------------------------)

      Plaintiff, KATHLEEN CALLISTE, by her attorneys, MORGAN & MORGAN, P.A., as and for her Complaint against Defendant ALLSTATE INSURANCE COMPANY, alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff KATHLEEN CALLISTE (hereinafter referred to as "Plaintiff") brings this action against Defendant ALLSTATE INSURANCE COMPANY (hereinafter referred to as "Defendant" or "Allstate") for breach of contract.

      2.    This action arises from the failure of Defendant to indemnify Plaintiff pursuant to a policy of insurance issued by Defendant to Plaintiff.

      3.    The policy of insurance herein at issue insures against all risks of loss.

      4.    As the direct result of covered losses sustained by Plaintiff, she suffered damages in the amount to be determined at trial but is in excess of $75,000.00.

      5.    Notwithstanding, that these losses were covered pursuant to the terms and conditions of the policy of insurance, Defendant has failed to indemnify Plaintiff for her losses.

      6.    As a result of Defendant's failure to comply with its own policy forms and conditions, Plaintiff has commenced this action against Defendant for Breach of Contract.

**PARTIES**

7. At all times herein mentioned, Plaintiff KATHLEEN CALLISTE is an individual over the age of eighteen (18) who owns the property located at 353 Sheffield Avenue, Brooklyn, New York 11207.

8. At all times hereinafter mentioned, Defendant, ALLSTATE INSURANCE COMPANY, was and is a foreign corporation, incorporated in the State of Illinois with its principal place of business located at 3075 Sanders Road, suite H1E, Northbrook, Illinois 60062.

9. At all times hereinafter mentioned, Defendant was duly authorized by the New York State Department of Financial Services to issue policies of insurance, including the policy issued herein.

**JURISDICTION AND VENUE**

10. This action is filed under and pursuant to 28 U.S.C. §1332, in that the Plaintiff is a natural person having her primary residence in Brooklyn, New York and Defendant is a company duly organized and existing under and by virtue of the laws in the State of Illinois with its principal place of business also in the State of Illinois, thus making the parties residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Pursuant to 28 U.S. Code § 1391(b)(2) venue is proper as Plaintiff's subject property, which is the property that is the subject of the instant action, is situated in the jurisdictional area of the U.S. District Court, Eastern District of New York.

12. An actual controversy of a justiciable nature exists between Plaintiff and Defendant involving the rights and obligations under the aforesaid policy of insurance and the aforesaid controversy can be determined by judgment of this Court without further suit.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

13. At all relevant times, Plaintiff owned the premises located at 353 Sheffield Avenue, Brooklyn, New York 11207 (the "Subject Property").

14. Plaintiff procured from Defendant, for good and valuable consideration, a certain policy of insurance bearing number 078 901 018 (hereinafter referred to as the "Subject Policy"), with effective dates of April 13, 2019 to April 13, 2020, wherein and whereby it insured, amongst other things, Plaintiff's Subject Property and interests against property damage as well as additional living expenses.

15. In issuing and delivering the Subject Policy, Defendant impliedly warranted and covenanted that it would act in good faith in handling all claims made by the Plaintiff.

16. At all relevant times herein mentioned, Plaintiff had an insurable interest in the Subject Property.

17. On or about May 6, 2019, while the Subject Policy was in full force and effect, Plaintiff suffered a covered cause of loss at the Subject Property (the "Loss").

18. As a result of the Loss, the Subject Property sustained damages in an amount to be determined at trial but in excess of $75,000.00.

19. As a result of the Loss, Plaintiff timely notified and filed a claim with Defendant, which was assigned Claim Number 0544391121 HND (hereinafter referred to as the "Claim") and sought reimbursement for Plaintiff's covered damages resulting from the Loss to the Subject Property as well as additional living expenses.

20. Although Plaintiff timely submitted a claim to Defendant for her property damage in connection with the Loss, Defendant has failed to pay the aforesaid claim.

21. Despite the fact that Plaintiff has satisfied all conditions precedent under the Subject Policy, Defendant has failed to reimburse Plaintiff for any of the damages she suffered related to the Loss and/or Claim.

22. Defendant's failure to pay Plaintiff for her Loss constitutes breach of contract.

23. As a result of Defendant's breach of the Subject Policy, Plaintiff suffered property damages in an amount to be established at trial but believed to exceed $75,000.00.

24. Plaintiff contends that Defendant failed to do the following in connection with the adjustment of the Claim: (i) properly investigate the Loss; (ii) analyze the Subject Policy; (iii) properly evaluate and adjust the Claim; and (iv) failing to pay the Claim.

25. Plaintiff further contend that as a result of the aforesaid breaches, Plaintiff has been forced to incur additional costs such as additional living expenses, hiring experts and attorneys.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
**(Breach of Contract)**

26. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "25", inclusively, with the same force and effect as though more fully set forth herein at length.

27. On or about May 6, 2019, while the Subject Policy was in full force and effect, Plaintiff suffered a covered Loss at the Subject Property.

28. As a result of the aforementioned Loss, Plaintiff sustained damage to the Subject Property in an amount to be determined at trial but in excess of $75,000.00.

29. Notwithstanding the fact that Plaintiff has satisfied all conditions precedent for coverage and has timely submitted her Claim to Defendant, Defendant has failed to indemnify Plaintiff for her Loss.

30. Defendant's failure to indemnify Plaintiff for her Loss constitutes a breach of contract.

31. As a direct result of Defendant's breach of the Subject Policy, Plaintiff has sustained damages in an amount to be proven at trial but exceeds $75,000.00.

32. Defendant also breached the Subject Policy by, *inter alia*: (a) failing to properly analyze the Subject Policy after the Loss in order to determine coverage and pay the proper amount of damages; (b) failing to timely adjust, settle and/or fully indemnify Plaintiff for the aforementioned losses; (c) failing to properly evaluate and adjust the damages due to an incorrect reading of the Subject Policy; (d) forcing Plaintiff to engage the services of an attorney to advocate on behalf of Plaintiff for proper payment under the Subject Policy; and (e) Plaintiff anticipate identifying additional facts that further demonstrate Defendant's breach of its contractual obligations during the litigation and discovery process.

33. As a direct and proximate result of the above-mentioned breaches, Plaintiff has suffered and continue to suffer damages in an amount to be determined by jury trial of this action.

34. The Subject Policy contained an implied covenant of good faith and fair dealing. This duty includes but is not limited to duties to investigate the facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insureds and promptly pay the total amount of covered losses honestly, properly and fairly.

35. Defendant failed to properly adjust Plaintiff's Claim by engaging in activities that include, but are not limited to: (a) deliberately, negligently and unreasonably denying payment of Plaintiff's Claim; (b) failing to pay Plaintiff the full amount of benefits owned under the Subject Policy for the Loss; (c) refusing to compensate Plaintiff for the fair value of the Claim; (d) refusing to provide Plaintiff with additional living expenses; (e) improperly denying the Claim; (f) failing

to properly analyze the policy; (g) failing to properly investigate the Loss; and (h) ignoring evidence indicating the true cause of the Loss.

36. Defendant's actions in failing to properly adjust the Claim is a breach of the implied covenant of good faith and fair dealing.

37. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of experts, the attorneys and law firm who are representing Plaintiff, with respect to these causes of action.

38. Defendant knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of her rights and reasonable expectations under the Subject Policy.

39. The losses incurred by Plaintiff are a direct and foreseeable consequence of the Defendant's above-described wrongful conduct in that such wrongful conduct has caused additional monetary losses, which were reasonably foreseeable and contemplated by the parties at the time of contracting under the Subject Policy.

40. The very purpose of insurance coverage as afforded by Defendant would make insurer aware that if it breached the Subject Policy it would be liable for the losses consequent to the breach. Additionally, it would be reasonable for Plaintiff to expect when they purchased the Subject Policy that Defendant would meet its contractual obligations and not conduct its claims handling practices in such a way to cause additional loss and damage to the policyholders' interests.

41. As a result of Defendant's breaches, Plaintiff has suffered damages in excess of $75,000.00.

42. Accordingly, Plaintiff is entitled to an award against Defendant of compensatory and consequential damages in such amounts as established by evidence, as well as pre- and post-judgment interest, costs, fees and such further relief as may be just.

**WHEREFORE**, Plaintiff demands judgment as follows:

a. On its first cause of action, in an amount to be determined but exceeds $75,000.00, plus pre- and post-judgment interest and consequential damages in an amount to be determined, together with costs, fees and disbursements of this action; and

b. For such further relief as this Court may find just and proper.

Dated: New York, New York
May 4, 2021

           Yours, etc.,

           **MORGAN & MORGAN, P.A.**
           *Attorneys for Plaintiff*

           By: _/s/Amanda Peterson_____
              Amanda Peterson, Esq. (AP1797)
           90 Broad Street, Suite 1011
           New York, New York 10004
           Telephone: (212) 564-4568
           Email: *APeterson@forthepeople.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

Dated: New York, New York
May 4, 2021

                          **MORGAN & MORGAN, P.A.**
                          *Attorneys for Plaintiff*

                          By: _/s/Amanda Peterson_____
                              Amanda Peterson, Esq.
                          90 Broad Street, Suite 1011
                          New York, New York 10004
                          Telephone: (212) 564-4568
                          Facsimile: (212) 738-6780
                          Email: *aeterson@forthepeople.com*