UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KATHLEEN CALLISTE,

                Plaintiff,

-against-

ALLSTATE INSURANCE COMPANY,

                Defendant.

Case 1:21-cv-02483-DG-SJB

**ANSWER WITH**
**AFFIRMATIVE DEFENSES**

---

Defendant ALLSTATE INSURANCE COMPANY ("Defendant" or "Allstate") by and through their attorneys, WONG FLEMING, P.C., as and for their Answer to Plaintiff KATHLEEN CALLISTE's ("Plaintiff") Complaint, states as follows:

## NATURE OF ACTION

1. Defendant denies the truth of the allegations contained in paragraph "1" of the Complaint, except admits that said paragraph proposes to describe the nature of Plaintiff's action. To the extent that this paragraph contains legal conclusions, no response is required.

2. The allegations of paragraph "2" of the Complaint contain legal conclusions for which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph, except admits that Allstate issued a policy of insurance to Plaintiff, and that Allstate denied Plaintiff's claim in accordance with the terms of the policy.

3. Defendant denies the allegations contained in paragraph "3" of the Complaint as phrased, except admits that Allstate issued a policy of insurance to Plaintiff, whose terms and conditions speak for themselves. Further, to the extent that this paragraph contains legal conclusions, no response is required.

4. Defendant denies the allegations contained in paragraph "4" of the Complaint.

5. Defendant denies the allegations contained in paragraph "5" of the Complaint.

6. Defendant denies the allegations contained in paragraph "6" of the Complaint.

## PARTIES

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Defendant denies the allegations contained in paragraph "8" of the Complaint, except admits that Allstate was and still is a foreign corporation, with its principal place of business located in the State of Illinois.

9. Defendant admits the allegations contained in paragraph "9" of the Complaint.

## JURISDICTION AND VENUE

10. The allegations of paragraph "10" of the Complaint contain legal conclusions for which no response is required.

11. The allegations of paragraph "11" of the Complaint contain legal conclusions for which no response is required.

12. The allegations of paragraph "12" of the Complaint contain legal conclusions for which no response is required.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Defendant denies the allegations contained in paragraph "14" of the Complaint, except admits that Allstate issued a policy of insurance to Plaintiff, bearing policy number

078901018, with effective dates April 13, 2019 to April 13, 2020, whose terms and conditions speak for themselves.

15. The allegations of paragraph "15" of the Complaint contain legal conclusions for which no response is required.

16. The allegations of paragraph "16" of the Complaint contain legal conclusions for which no response is required.

17. Defendant denies the allegations contained in paragraph "17" of the Complaint.

18. Defendant denies the allegations contained in paragraph "18" of the Complaint.

19. Defendant denies the allegations contained in paragraph "19" of the Complaint, except admits that Plaintiff submitted a claim to Defendant, which was assigned claim number 0544391121 and that Allstate denied Plaintiff's claim in accordance with the terms of the policy.

20. Defendant denies the allegations contained in paragraph "20" of the Complaint as phrased, except admits that Plaintiff submitted a claim to Defendant and that Allstate denied Plaintiff's claim in accordance with the terms of the policy.

21. Defendant denies the allegations contained in paragraph "21" of the Complaint as phrased, except admits that Allstate denied Plaintiff's claim in accordance with the terms of the policy.

22. Defendant denies the allegations contained in paragraph "22" of the Complaint.

23. Defendant denies the allegations contained in paragraph "23" of the Complaint.

24. Defendant denies the allegations contained in paragraph "24" of the Complaint.

25. Defendant denies the allegations contained in paragraph "25" of the Complaint.

**ANSWERING AN ALLEGED FIRST CAUSE OF ACTION**

26. With respect to paragraph "26" of the Complaint, Defendant repeats and reiterates each and every response to all previous paragraphs of the Complaint as if fully set forth at length herein.

27. Defendant denies the allegations contained in paragraph "27" of the Complaint.

28. Defendant denies the allegations contained in paragraph "28" of the Complaint.

29. Defendant denies the allegations contained in paragraph "29" of the Complaint as phrased, except admits that Plaintiff submitted a claim to Defendant and that Allstate denied Plaintiff's claim in accordance with the terms of the policy.

30. Defendant denies the allegations contained in paragraph "30" of the Complaint.

31. Defendant denies the allegations contained in paragraph "31" of the Complaint.

32. Defendant denies the allegations contained in paragraph "32" of the Complaint.

33. Defendant denies the allegations contained in paragraph "33" of the Complaint.

34. The allegations of paragraph "34" of the Complaint refer to a contract of insurance, whose terms and conditions speak for themselves. To the extent that this paragraph contains legal conclusions, no response is required.

35. Defendant denies the allegations contained in paragraph "35" of the Complaint.

36. Defendant denies the allegations contained in paragraph "36" of the Complaint.

37. Defendant denies the allegations contained in paragraph "37" of the Complaint.

38. Defendant denies the allegations contained in paragraph "38" of the Complaint.

39. Defendant denies the allegations contained in paragraph "39" of the Complaint.

40. Defendant denies the allegations contained in paragraph "40" of the Complaint.

41. Defendant denies the allegations contained in paragraph "41" of the Complaint.

42. Defendant denies the allegations contained in paragraph "42" of the Complaint.

43. Defendant denies Plaintiff is entitled to the relief requested in the "WHEREFORE Clause" of the Complaint.

44. Denies each and every allegation of the Complaint not hereinbefore specifically admitted, denied, or otherwise addressed.

## AFFIRMATIVE DEFENSES

Without conceding that it should bear the burden of proof with respect to the following defenses, Defendant hereby alleges the following defenses to Plaintiff's Complaint:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. The policy of insurance affords no coverage for Plaintiff's alleged loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff failed to comply with the terms and conditions set forth in the policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. The Complaint, and/or each claim for relief contained therein, is barred by Plaintiff's failure to comply with internal deadlines set forth in the policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by the exclusions, limits of liability and other terms, conditions, and definitions contained in the Policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. Without conceding that Plaintiff has suffered any damages alleged in the

Complaint, the damages alleged by Plaintiff, if any, were caused by the acts or omissions of others for whom Defendant is not responsible or liable, thereby barring any claims against Defendant completely.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Plaintiff failed to satisfy and/or perform her obligations, covenants, and conditions precedent as set forth in the Policy.

53. The conduct of Defendant was, at all pertinent times, proper and in conformity with its responsibilities and obligations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. The Complaint and the causes of action alleged therein are barred by the doctrine of frauds.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

55. Plaintiff failed to mitigate her damages and therefore should be barred from recovery.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

56. The Complaint, and/or each claim for relief contained therein, is barred in whole or in part by the doctrine of unclean hands, waiver, estoppel and/or laches.

## AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

57. The Complaint, and/or each claim for relief contained therein, is barred in whole or in part by documentary evidence.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

58. No coverage is available for Plaintiff's alleged loss under the policy because Plaintiff failed to promptly give Defendant notice of the loss, which is a condition precedent to

coverage under the Policy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

59. This action is improper because Plaintiff failed to "comply with the policy terms and conditions" as stated in the "Insuring Agreement" provision of the policy.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

60. The policy does not provide coverage for Plaintiff's alleged loss because it was not "sudden and accidental" as required under the policy.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

61. No coverage is available for Plaintiff's alleged loss under the Policy because it excludes coverage for a loss "consisting of or caused by": "[w]ear and tear, aging, marring, scratching, deterioration, inherent vice, and latent defect"; or "mechanical breakdown."

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

62. No coverage is available for Plaintiff's alleged loss under the Policy because it excludes coverage for a loss "consisting of or caused by":

> Mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.
> This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in Section I, Conditions Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Loss. However, if mold, fungus, wet rot, dry rot or bacteria ensues from a covered fire or lightning loss, this exclusion does not apply.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

63. No coverage is available for Plaintiff's alleged loss under the Policy because it excludes coverage for a loss "consisting of or caused by":

> Seepage, meaning continuous or repeated seepage or leakage over a period of weeks, months, or years, of water, steam, or fuel:
> a) from a plumbing, heating, air conditioning or automatic fire protection system or from within a domestic appliance; or
> b) from within or around any plumbing fixtures, including, but not limited to, shower stalls, shower baths, tub installations, sinks or other fixtures designed for the use of water or steam.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

64. No coverage is available for Plaintiff's alleged loss under the Policy because it excludes coverage for a loss "consisting of or caused by":

> Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
> a) planning, zoning, development, surveying, siting;
> b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c) materials used in repair, construction, renovation or remodeling; or
> d) maintenance;
> of property whether on or off the residence premises by any person or organization.

## AS AND FOR TWENTIETH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred for the reasons set forth in Defendant's coverage position letter(s), referred to and/or incorporated herein by reference.

## RESERVATION OF DEFENSES

66. The Complaint does not describe the claims made with sufficient particularity to enable Defendant to determine such other defenses it may have in response to Plaintiff's claims. Defendant therefore reserves the right to assert all defenses which may be pertinent to Plaintiff's claims once the precise nature of such claims is asserted and/or learned through discovery.

**WHEREFORE**, Defendant Allstate Insurance Company, respectfully requests this Honorable Court enter judgment dismissing Plaintiff's Complaint in its entirety, with prejudice;

and that Allstate be awarded its costs of suit incurred herein, including its reasonable attorneys' fees, along with such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
       July 22, 2021

**WONG FLEMING, P.C.**

*/s/ Florelee Wan*  
Florelee Wan, Esq.  
300 East 42nd Street, 14th Floor  
New York, New York 10017  
Tel. (212) 643-9668  
Fax (212) 643-9640  
Email: fwan@wongfleming.com  
*Attorneys for Defendant*  
*Allstate Insurance Company*

9